UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS )<br>UNION LOCAL NO. 710 PENSION FUND, and )<br>JAMES E. DAWES and NEAL J. LONDON, )<br>Trustees, )<br>)<br>                 Plaintiffs, )<br>)<br>v. )<br>)<br>CHICAGO BOXED BEEF DISTRIBUTORS, INC. )<br>a dissolved Illinois corporation, )<br>)<br>                 Defendant. ) | Case No. 13-cv-00967<br>Hon. Sharon J. Coleman<br>Mag. Jdg. Michael T. Mason |

**PLAINTIFFS' MOTION FOR ENTRY
OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiffs, the I.B. of T. Union Local No. 710 Pension Fund and James E. Dawes and Neal J. London, Trustees, (collectively, the "Pension Fund"), move the Court pursuant to Federal Rule of Civil Procedure 55(b) for the entry of an order of default and default judgment against the Defendant Chicago Boxed Beef Distributors, Inc., a dissolved Illinois corporation ("CBB").

In support, Plaintiffs state:

1. On February 6, 2013, the Pension Fund filed a complaint against CBB under the Employment Retirement Income Security Act of 1974 ("ERISA") *as amended* by the Multiemployer Pension Plans Amendments Act of 1980, 29 U.S.C. § 1001, *et seq.* (1982), to collect withdrawal liability payments due and owing to the Pension Fund as well as interest, liquidated damages, and attorney's fees and costs.

2. On February 20, 2013, CBB was served with a copy of the complaint and summons by personal service. A true and correct copy of the return of service is attached hereto as **Exhibit 1**.

3. CBB is in default because it has failed to file an answer or other responsive pleading to the complaint within the time limit prescribed by Fed. R. Civ. P. 12.

4. CBB has also failed to make any withdrawal liability payment to the Pension Fund. (¶ 14 of *Affidavit of Brian J. O'Malley* attached hereto as **Exhibit 2**).

5. Under 29 U.S.C. § 1451(b), the failure to make withdrawal liability payments when due is treated in the same manner as a delinquent contribution under 29. U.S.C. § 1145. *Central States Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992). Pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to:

   (i) Delinquent withdrawal liability payments;

   (ii) Interest on the delinquent withdrawal liability payments;

   (iii) An amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of 20 percent of the delinquent withdrawal liability payments;

   (iv) Reasonable attorney's fees and costs;

   (v) And such other relief the Court deems appropriate.

An award of these amounts is mandatory. *Central States Pension Fund v. Gerber Truck Serv.*, 870 F.2d 1148, 1156 (7th Cir. 1989)(*en banc*).

6. Pursuant to 29 U.S.C. § 1132(g), CBB owes the Pension Fund $227,419.00 in withdrawal liability. (¶ 11 of O'Malley Affidavit, **Exhibit 2**).

7. Pursuant to 29 U.S.C. § 1132(g)(2), interest is computed and charged at the rate set by the Plan.

8. Under the Pension Fund's Pension Plan document, interest is computed and charged at an annualized interest rate equal to 2% plus the prime interest rate established by JPMorgan Chase Bank, N.A. for the 15th day of the month for which interest is charged. (¶ 18 of O'Malley Affidavit, **Exhibit 2**).

9. Using this rate, CBB owes the Pension Fund $ 4,182.24 in interest. (¶ 19 of O'Malley Affidavit, **Exhibit 2**).

10. Under 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to 20% of the delinquent withdrawal liability as provided under the Plan. The Pension Fund's Pension Plan calls for liquidated damages in the amount of 20% of the unpaid withdrawal liability payments. (¶ 16 of O'Malley Affidavit, **Exhibit 2**).

11. CBB owes the Pension Fund $45,483.80 in liquidated damages. (¶ 19 of O'Malley Affidavit, **Exhibit 2**).

12. CCB owes the Pension Fund $1,181.25 in attorney fees and $473.75 in costs. (¶ 5 of *Affidavit of Paul M. Newcomer*, attached hereto as **Exhibit 3**).

13. The Pension Fund is entitled to post-judgment interest on the entire judgment balance pursuant to 28. U.S.C. § 1961(a). *Central States Pension Fund v. Bomar Nat'l Inc.*, 253 F.3d 1011, 1019 (7th Cir. 2001).

WHEREFORE, Plaintiffs, the I.B. of T. Union Local No. 710 Pension Fund and James E. Dawes and Neal J. London, Trustees, request the following relief:

(a) That Defendant Chicago Boxed Beef Distributors, Inc., a dissolved Illinois corporation, be adjudged to be in default.

(b) That a default judgment be entered against the Defendant Chicago Boxed Beef Distributors, Inc., a dissolved Illinois corporation, in the following amounts:

| | |
|---|---|
| Withdrawal Liability Principal: | $227,419.00 |
| Interest (through 1/15/2012) | $4,182.24 |
| Liquidated Damages | $45,483.80 |
| Attorney's Fees and Costs | $1,655.00 |

| | |
|---|---|
| **TOTAL** | **$278,740.04** |

(c) That the default judgment in the form attached hereto as **Exhibit 4** award the Pension Fund post-judgment interest as allowed pursuant to 28 U.S.C. § 1961(a).

Respectfully submitted,

/s/Paul M. Newcomer
Paul M. Newcomer (P44501)
Law Offices of Russell N. Luplow
Attorneys for I. B. of T. Union Local
   No. 710 Pension Fund
185 Oakland Avenue; Suite 200
Birmingham, MI 48009
(248) 644-8666
pmnewcomer@msn.com

Robert B. Greenberg
(IL ARDC# 1047558)
Asher, Gittler Greenfield
Local Counsel for I. B. of T. Union
   Local No. 710 Pension Fund
200 W. Jackson Blvd., Ste. 1900
Chicago, IL 60606
rbg@ulaw.com

April 30, 2013

## **CERTIFICATE OF SERVICE**

I, Paul M. Newcomer, one of the attorneys for the I.B. of T. Union Local No. 710 Pension Fund, certify that I served the foregoing Notice of Motion and Motion for Entry of Default and Default Judgment, with all of its supporting materials attached thereto, on Defendant by mailing said Notice and Motion via UPS Next Day Air to:

Chicago Boxed Beef Distributors, Inc.
c/o Mr. Ronald A. Murray
1007 Geneva Street
Shorewood, IL 60404

This 30th day of April, 2013 at 185 Oakland Avenue, Suite 200, Birmingham, MI 48009.

s/ Paul M. Newcomer
One of the Plaintiffs' Attorneys